UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PANDORA SELECT PARTNERS, L.P. AND WHITEBOX MULTI-STRATEGY PARTNERS, L.P.<br><br>Plaintiffs<br><br>v.<br><br>M/I HOMES, INC. and its directors: ROBERT H. SCHOTTENSTEIN, JOSEPH A. ALUTTO, FRIEDRICH K. M. BÖHM, WILLIAM H. CARTER, PHILLIP G. CREEK, MICHAEL GLIMCHER, ANN MARIE W. HUNKER, THOMAS D. IGOE, J. THOMAS MASON, JEFFREY MIRO, NORMAN L. TRAEGER, AND SHAREN J. TURNEY,<br><br>Defendants. | Court File No. _____<br>   Judge_____<br><br>**NOTICE OF REMOVAL BY DEFENDANTS** |

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1332, 1441 and 1446,

Defendants M/I Homes, Inc., Robert H. Schottenstein, Joseph A. Alutto, Friedrich K. M.

Böhm, William H. Carter, Phillip G. Creek, Michael Glimcher, Ann Marie W. Hunker,

Thomas D. Igoe, J. Thomas Mason, Jeffrey Miro, Norman L. Traeger, and Sharen J.

Turney ("Defendants") hereby remove to this Court the state-court action described in

Paragraph 1 below by the filing of this Notice of Removal with the Clerk of the United

States District Court for the District of Minnesota.  Defendants appearing solely for the

purpose of this Notice of Removal, and without any defendant waiving any of their

jurisdictional objections, respectfully state the following grounds for removal:

## THE STATE COURT ACTION

1.     The removed case is a civil action commenced by Plaintiffs on or about January 9, 2013 in the Fourth Judicial District Court of Hennepin County, Minnesota and entitled Pandora Select Partners, L.P. and Whitebox Multi-Strategy Partners, L. P.  v. M/I Homes, Inc. And Its Directors: Robert H. Schottenstein, Joseph A. Alutto, Friedrich K. M. Böhm, William H. Carter, Phillip G. Creek, Michael Glimcher, Ann Marie W. Hunker, Thomas D. Igoe, J. Thomas Mason, Jeffrey Miro, Norman L. Traeger, and Sharen J. Turney ("State-Court Action").   A copy of the Summons, Complaint, and accompanying exhibits is attached hereto as **Exhibit A**.

2.     Defendant M/I Homes, Inc. was served with the Summons and Complaint on January 9, 2013.  As of the filing of this Notice, no other named defendant has been served with the Summons and Complaint.

3.     The Complaint alleges claims for breach of contract, breach of fiduciary duty, and tortious interference of contract, and seeks relief in the form of declaratory judgment, compensatory damages, attorneys' fees, and costs.

4.     To date, Defendants have not served an answer or otherwise responded to Plaintiff's Complaint in the State Court Action.

5.     This Notice of Removal is filed within 30 days of the date Defendant M/I Homes, Inc. was served with the Summons and Complaint.

## CITIZENSHIP OF THE PARTIES

6.     Plaintiffs Pandora Select Partners, L.P. and Whitebox Multi-Strategy Partners, L. P.  are citizens of the State of Minnesota.  (Compl. ¶¶ 1-2.)

DOCS-#3821990-v1

7.     Defendant M/I Homes, Inc. is now, and at the time the State-Court Action was commenced was, incorporated under the laws of Ohio and has its principal place of business in Columbus, Ohio.  (Compl. ¶ 3.)

8.     Defendant Robert H. Schottenstein is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio. (*See* Declaration of Robert H. Schottenstein, attached hereto as **Exhibit B**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Schottenstein is a citizen of Minnesota.

9.     Defendant Joseph A. Alutto is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of Joseph A. Alutto, attached hereto as **Exhibit C**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Alutto is a citizen of Minnesota.

10.     Defendant Friedrich K. M. Böhm is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of Friedrich K. M. Böhm, attached hereto as **Exhibit D**, ¶¶ 3-4.)   The Complaint does not allege that Defendant Böhm is a citizen of Minnesota.

11.     Defendant William H. Carter is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of William H. Carter, attached hereto as **Exhibit E**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Carter is a citizen of Minnesota.

12.     Defendant Phillip G. Creek is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of

DOCS-#3821990-v1

Phillip G. Creek, attached hereto as **Exhibit F**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Creek is a citizen Minnesota.

13.     Defendant Michael Glimcher is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of Michael Glimcher, attached hereto as **Exhibit G**, ¶¶ 3-4.) The Complaint does not allege that Defendant Glimcher is a citizen of Minnesota.

14.     Defendant Ann Marie W. Hunker is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of Ann Marie W. Hunker, attached hereto as **Exhibit H**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Hunker is a citizen of Minnesota.

15.     Defendant Thomas D. Igoe is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of Thomas D. Igoe, attached hereto as **Exhibit I**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Igoe is a citizen of Minnesota.

16.     Defendant J. Thomas Mason is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio.  (*See* Declaration of J. Thomas Mason, attached hereto as **Exhibit J**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Mason is a citizen of Minnesota.

17.     Defendant Jeffrey Miro is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Michigan.  (*See* Declaration of Jeffrey Miro, attached hereto as **Exhibit K**, ¶¶ 3-4.)  The Complaint does not allege that Defendant Miro is a citizen of Minnesota.

4

18.     Defendant Norman L. Traeger is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of California. (*See* Declaration of Norman L. Traeger, attached hereto as **Exhibit L**, ¶¶ 3-4.) The Complaint does not allege that Defendant Traeger is a citizen of Minnesota.

19.     Defendant Sharen J. Turney is now, and at the time the State-Court Action was commenced was, domiciled in and a citizen of the State of Ohio. (*See* Declaration of Sharen J. Turney, attached hereto as **Exhibit M**, ¶¶ 3-4.) The Complaint does not allege that Defendant Turney is a citizen of Minnesota.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

**A.      Complete Diversity Of Citizenship Exists Between The Parties.**

20.     Complete diversity exists to support diversity jurisdiction where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

21.     Complete diversity exists based on the face of the Complaint and the declarations of the individual defendants. Plaintiffs are citizens of Minnesota. None of the individual Defendants is a citizen of Minnesota, and Defendant M/I Homes, Inc. is not incorporated in Minnesota and does not have its principal place of business in Minnesota. (*See* Exs. B - M and Compl. ¶¶ 3-15.)

22.     Based on the foregoing, complete diversity of citizenship exists between Plaintiffs and Defendants under 28 U.S.C. § 1332(a)(1). *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768-69 (8th Cir. 2005) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely.").

**B.    The Amount In Controversy Requirement Is Satisfied.**

23.    The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

24.    Plaintiffs allege that Defendants have improperly transferred nearly $45 million from preferred shareholders to the holders of M/I Homes common stock and that Plaintiffs' "multi-million dollar investment" has been rendered "worthless." (Compl. p. 2.)

25.    As a result, Plaintiffs have put into controversy an amount which exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

26.    Pursuant to 28 U.S.C. § 1441(a) and 1446(a), this Notice of Removal is being filed in the United Stated District Court for the District of Minnesota, which is the federal district court embracing the court where the State Action was commenced.

27.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of January 9, 2013 – the date on which the summons and complaint in the State Court Action was received by Defendant M/I Homes, Inc. Defendant M/I Homes, Inc. is the only defendant that has been served with the summons and complaint in the State Court Action.

28.    Copies of all process, pleadings, orders, and other documents served upon Defendant M/I Homes, Inc. in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

DOCS-#3821990-v1

29.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments will be promptly served on Plaintiffs and notice thereof will be filed with the Court Administrator for Hennepin County District Court.  A true and correct copy of the Notice of Filing of Notice of Removal, without attachment, is attached hereto as **Exhibit N**.

30.     This Notice of Removal is signed by counsel for Defendants pursuant to Federal Rule of Civil Procedure 11.

31.     Pursuant to the foregoing, this Court has jurisdiction over this matter and the relief sought herein.

32.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, and Defendants expressly reserve their right to raise all defenses and objections to Plaintiffs' claims after the State Court Action is removed to this Court, without limitation, the defenses of (1) lack of personal jurisdiction, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join an indispensable party(ies), or (8) any other procedural or substantive defense available under state or federal law.

33.     Defendants request the opportunity to submit any such additional argument or evidence in support of removal as may be necessary if Plaintiffs seek to remand this matter.

34.     Accompanying this Notice of Removal are a Civil Cover Sheet and a payment in the amount of $350 for the required filing fee.

DOCS-#3821990-v1

WHEREFORE, Defendants M/I Homes, Inc., Robert H. Schottenstein, Joseph A. Alutto, Friedrich K. M. Böhm, William H. Carter, Phillip G. Creek, Michael Glimcher, Ann Marie W. Hunker, Thomas D. Igoe, J. Thomas Mason, Jeffrey Miro, Norman L. Traeger, and Sharen J. Turney hereby remove the State Court Action to the United States District Court for the District of Minnesota and respectfully request that this action proceed in this Court.

DATED:  January 29, 2013

**LINDQUIST & VENNUM LLP**

By s/Nicole M. Siemens
    Kim Ruckdaschel-Haley (#0221831)
    kruckdaschel-haley@lindquist.com
    Nicole M. Siemens (#0322866)
    nsiemens@lindquist.com
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DEFENDANTS M/I HOMES, INC., ROBERT H. SCHOTTENSTEIN, JOSEPH A. ALUTTO, FRIEDRICH K. M. BÖHM, WILLIAM H. CARTER, PHILLIP G. CREEK, MICHAEL GLIMCHER, ANN MARIE W. HUNKER, THOMAS D. IGOE, J. THOMAS MASON, JEFFREY MIRO, NORMAN L. TRAEGER, AND SHAREN J. TURNEY**